1  AMIN WASSERMAN GURNANI, LLP
   William P. Cole, Bar No. 186772
2  Matthew R. Orr, Bar No. 211097
3  515 South Flower St., 18th Floor
   Los Angeles, CA  90071
4  Tel:    (213) 933-2330
   Fax:    (312) 884-7352
5  wcole@awglaw.com
   morr@awglaw.com
6
7  AMIN WASSERMAN GURNANI LLP
   Manon Burns, Bar No. 347139
8  230 W. Monroe, Ste. 1405
   Chicago, IL 60606
9  Tel: (312) 466-1033
   mburns@awglaw.com
10
11 Attorneys for Defendant Albertsons Companies, Inc.

12              **UNITED STATES DISTRICT COURT**

13          **FOR THE EASTERN DISTRICT OF CALIFORNIA**

14

15 | TERESA FLORES, individually, and on | Case No.: 2:25-cv-02476-JAM-JDP |
   | behalf of all others similarly situated, | |

16 | Plaintiff, | **MEMORANDUM OF POINTS AND** |
   | | **AUTHORITIES IN SUPPORT OF** |
17 | v. | **DEFENDANT ALBERTSONS COMPANIES,** |
   | | **INC.'S MOTION TO DISMISS** |
18

19 | ALBERTSONS COMPANIES, INC., a | Hon. John A. Mendez |
   | Delaware corporation, | |
20 | | Courtroom 6 |
   | Defendant. | Date: January 27, 2026 |
21 | | Time: 1:00 p.m. |

22

23

24

25

26

27

28

---

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT
ALBERTSONS COMPANIES, INC.'S MOTION TO DISMISS

# TABLE OF CONTENTS

I.      INTRODUCTION ..................................................................................................................1

II.     PLAINTIFF'S ALLEGATIONS ...........................................................................................1

III.    LEGAL STANDARDS .........................................................................................................3

IV.     ARGUMENTS .......................................................................................................................4

        A.    The UCL and CLRA Claims Fail Because Flores Does Not Adequately Allege Any False
              or Misleading Representations. ....................................................................................4

              1.    Flores does not adequately allege that "hypoallergic" and "sensitive skin" are
                    false or misleading to reasonable consumers. ...................................................5

              2.    Flores does not adequately allege that "Compare to Dove Sensitive Skin
                    Nourishing Body Wash" is false or misleading to reasonable consumers. ............7

        B.    Flores Fails to State Any UCL or CLRA Claim Based on an Omission Theory ...............8

        C.    Flores's Express Warranty Claim Fails for the Same Reasons as Her UCL and CLRA
              Claims, and Also for Failure to Allege Timely Pre-Suit Notice. .......................................9

        D.    Flores Lacks Standing to Seek Injunctive Relief..............................................................10

        E.    Flores Fails to State Any Claim for Equitable Restitution Because She Does Not
              Adequatley Allege that Her Legal Remedies are Inadequate..............................................12

        F.    Flores Cannot Bring Express Warranty Claims Under Other States' Laws......................13

        G.    Flores Has Failed to Plead Her Claims with Particularity..................................................14

V.      CONCLUSION ........................................................................................................................15

# TABLE OF AUTHORITIES

**State Cases**

*Chapman v. Skype*, 220 Cal. App. 4th 217 (2013) ................................................................. 4

*Hill v. Roll Int'l Corp.*, 195 Cal. App. 4th 1295 (2011) ........................................................ 4

*Lavie v. Procter & Gamble Co.*, 105 Cal. App. 4th 496 (2003).............................................. 4

*National Council Against Health Fraud, Inc. v. King Bio Pharm., Inc.*, 107 Cal. App.
    4th 1336 (2003) ..................................................................................................................... 5

*Shaeffer v. Califia Farms, LLC*, 44 Cal. App. 5th 1125 (2020) ......................................... 4, 6


**Federal Cases**

*Allen v. Similasan Corp.*, No. 12cv0376-BTM-WMC, 2013 WL 2120825
    (S.D. Cal. May 14, 2013) ..................................................................................................... 15

*Anderson v. Apple Inc.*, 500 F. Supp. 3d 993 (N.D. Cal. Nov. 16, 2020) ........................... 8, 9

*Andino v. Apple, Inc.*, No. 20-cv-01628-JAM, 2021 WL 1549667
    (E.D. Cal. April 20, 2021) ................................................................................................... 12

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009)........................................................................ 3, 4, 8, 12

*Barrett v. Optimum Nutrition*, No. CV 21-4398-DMG, 2022 WL 3452791
    (C.D. Cal. July 18, 2022) ..................................................................................................... 13

*Beasley v. Lucky Stores, Inc.*, 400 F. Supp. 3d 942 (N.D. Cal. 2019).................................. 15

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)................................................................... 3

*Burton v. Gerber Products Co.*, 2014 WL. 172111 (N.D. Cal. Jan. 15, 2014) ..................... 15

*Caldwell v. Nordic Naturals, Inc.*, 709 F. Supp. 3d 889 (N.D. Cal. 2024) ........................... 11

*Campell v. Huffmaster Management, Inc.*, No. 2:21-CV-00815-JAM-JDP, 2022 WL
    705825 (E.D. Cal. Mar. 8, 2022) ......................................................................................... 13

*Carpenter v. PetSmart, Inc.*, 441 F. Supp. 3d 1028 (S.D. Cal. 2020) ................................. 14

*City of Los Angeles v. Lyons*, 461 U.S. 95 (1983)................................................................ 10

*Clapper v. Amnesty Int'l USA*, 568 U.S. 398 (2013)....................................................... 10, 11

*DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332 (2006) ..................................................... 10, 14

1   *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956 (9th Cir. 2018) ...................................................... 10, 11

2   *Debari v. Winix Global LLC*, No. 24-cv-06596, 2025 WL 56414

3       (N.D. Cal. Jan. 9, 2025) ................................................................................................................ 14

4   *Edmunson v. Procter & Gamble Co.*, No. 10-CV-2256-IEG (NLS), 2011 WL 1897625

5       (S.D. Cal. May 17, 2011) ............................................................................................................... 15

6   *Effinger v. Ancient Organics LLC*, 657 F. Supp. 3d 1290 (N.D. Cal. 2023) ........................................ 14

7   *Erickson v. Kimberly-Clark Corp.*, No. 24-cv-07032-AMO, 2025 WL 2105830

8       (N.D. Cal. July 28, 2025) ............................................................................................................ 6, 8

9   *Fan v. Home Depot U.S.A., Inc.*, No. 21-cv-01355, 2022 WL 16964099

10      (E.D. Cal. Nov. 16, 2022) .............................................................................................................. 12

11  *Freeman v. Time, Inc.*, 68 F.3d 285 (9th Cir. 1995) ............................................................................ 4

12  *Genna v. Digital Link Corp.*, 25 F.Supp.2d 1032 (N.D. Cal. 1997) ..................................................... 15

13  *Guaranty Trust Co. of New York v. York*, 326 U.S. 99 (1945) ............................................................ 12

14  *Guzman v. Polaris Indus. Inc.*, 49 F.4th 1308 (9th Cir. 2022) ............................................................ 12

15  *Hamman v. Cava Grp., Inc.*, No. 22-cv-593-MMA (MSB), 2023 WL 3450654

16      (S.D. Cal. Feb 8, 2023) .................................................................................................................... 9

17  *Harris v. CVS Pharmacy, Inc.*, No. EDCV1302329ABAGRX, 2015 WL 4694047

18      (C.D. Cal. Aug. 6, 2015) ............................................................................................................ 13, 14

19  *Jackson v. General Mills, Inc.*, No. 18cv2634-LAB (BGS), 2020 WL 5106652

20      (S.D. Cal. Aug. 28, 2020) ............................................................................................................... 12

21  *Jones v. ConAgra Foods, Inc.*, 912 F. Supp. 2d 889 (N.D. Cal. 2012) .................................................. 2

22  *Kearns v. Ford Motor Co.*, 567 F.3d 1120 (9th Cir. 2009) .............................................................. 4, 14

23  *Klaehn v. Cali Bamboo, LLC*, No. 19cv1498-LAB, 2020 WL 3971518

24      (S.D. Cal. July 13, 2020) .................................................................................................................. 8

25  *Klammer v. Mondelez International, Inc.*, No. 22-cv-02046-JSW, 2023 WL 105095

26      (N.D. Cal. Jan. 4, 2023) ................................................................................................................. 10

27  *Kwan v. SanMedica Int'l, Inc.*, 854 F.3d 1088 (9th Cir. 2017) ............................................................ 5

28  *Lee v. Nature's Path Food, Inc.*, No. 23-cv-00751-H-MSB, 2023 WL 7434963

TABLE OF AUTHORITIES

(S.D. Cal. Nov. 9, 2023) ............................................................................................ 9

*Lewis v. Casey*, 518 U.S. 343 (1996) ........................................................................ 13

*Lierboe v. State Farm Mut. Auto. Ins. Co.*, 350 F.3d 1018 (9th Cir. 2003) ............................................. 10

*Loh v. Future Motion, Inc.*, No. 5:21-cv-06088-EJD, 2022 WL 2668380

(N.D. Cal. July 11, 2022) ........................................................................................ 14

*Los Gatos Mercantile, Inc. v. E.I. DuPont De Nemours & Co.*, No. 13-CV-01180-BLF,

2014 WL 4774611 (N.D. Cal. Sept. 22, 2014) ........................................................ 14

*Lozano v. Bowmar Nutrition LLC*, No. 2:21-cv-04296-MCS-KS, 2021 WL 4459660

(C.D. Cal. Aug. 19, 2021) ...................................................................................... 14

*McConnon v. Kroger Co.*, No. 2:24-cv-02601-SB-E, 2024 WL 3941340

(C.D. Cal. June 21, 2024) ........................................................................................ 9

*NuCal Foods, Inc. v. Quality Egg LLC*, 918 F.Supp.2d 1023 (E.D. Cal. 2013) .......................................... 15

*O'Shea v. Littleton*, 414 U.S. 488 (1974) ................................................................ 12

*Prescott v. Saraya USA, Inc.*, no. 23-cv-00017, 2023 WL 6120610

(S.D. Cal. Sept. 18, 2023) ........................................................................................ 4

*Ringler v. J.M. Smucker Company*, 783 F. Supp. 3d 1229 (C.D. Cal. May 13, 2025) ............... 8, 9, 11

*Rugg v. Johnson & Johnson*, No. 17-CV-05010-BLF, 2018 WL 3023493

(N.D. Cal. June 18, 2018) ........................................................................................ 7

*Sinatro v. Mrs. Gooch's Natural Food Markets, Inc.*, No. 22-CV-03603, 2023 WL

2324291 (N.D. Cal. Feb. 16, 2023) .......................................................................... 4

*Sonner v. Premier Nutrition Corp.*, 971 F.3d 834 (9th Cir. 2020) ............................................. 12

*Spencer v. Honda Motor Corp. Ltd.*, No. 21-cv-00988-JAM, 2022 WL 14863071

(E.D. Cal. Oct. 26, 2022) ........................................................................................ 12

*Swartz v. KPMG LLP*, 476 F.2d 756 (9th Cir. 2007) ............................................................ 14

*Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097 (9th Cir. 2003) .................................................. 4

*Viggiano v. Hansen Natural Corp.*, 944 F. Supp. 2d 877 (C.D. Cal. 2013) ............................................. 2

*Watkins v. MGA Entertainment, Inc.*, 550 F.Supp.3d 815 (N.D. Cal. 2021) ............................................. 4

*Weiss v. Trade Joe's Co.*, 838 F. App'x 302 (9th Cir. 2021) ...................................................... 9

TABLE OF AUTHORITIES

**Statutes**

Cal. Bus. & Prof. Code § 17200 ............................................................................. 3

Cal. Civ. Code § 1750 ............................................................................................ 3

Cal. Comm. Code § 2607 ...................................................................................... 10

Fed. R. Civ. P. 8 ..................................................................................................... 3

Fed. R. Civ. P. 9 ..................................................................................................... 4

TABLE OF AUTHORITIES

1  **I.     INTRODUCTION**

2       Plaintiff Teresa Flores alleges that Defendant Albertsons Companies, Inc. falsely advertises its

3  Signature Care Sensitive Skin Body Wash (the "Product") as "hypoallergenic" and for "sensitive skin."

4  She implausibly asserts that reasonable consumers interpret "hypoallergenic" to mean a product does not

5  contain *any* common allergens, regardless of amount. That legal conclusion—not accepted as true on a

6  motion to dismiss—is not supported by any factual allegations in the Complaint. In fact, the Complaint

7  contradicts Flores's conclusion by citing FDA and dictionary definitions of hypoallergenic that all define

8  hypoallergenic as meaning that a product is designed to produce *fewer* allergic reactions or have less

9  likelihood of causing allergic reactions than other products. She does not allege any factual content

10 suggesting that reasonable consumers use some other definition. And Flores does not allege the amount

11 of any known allergen contained in the Product, much less anything about the Product's rate of allergic

12 reactions. Because she fails to adequately allege any false or misleading advertising, her consumer

13 protection and express warranty claims fail as a matter of law.

14      Her Complaint also suffers from additional defects. She fails to plead standing to pursue injunctive

15 relief, as she does not plausibly allege any certainly impending threat of harm. She fails to state any claims

16 for equitable restitution because she does not allege facts plausibly establishing that her legal remedies are

17 inadequate. Her express warranty claim fails for the additional reason that she does not allege she provided

18 pre-suit notice of breach within a reasonable time. And although Flores, a California resident who

19 allegedly purchased in California, asserts her express warranty claim under California law, she also

20 attempts to bring warranty claims under the laws of 40 other states and the District of Columbia. She lacks

21 standing to do so.

22      For these reasons, as wells as others described below, the Complaint fails as a matter of law.

23 **II.    PLAINTIFF'S ALLEGATIONS**

24      Flores alleges that Albertsons markets and sells Signature Care Sensitive Skin Body Wash (the

25 "Product"). (Dkt. 1, Compl. ¶ 1.) The front label states, "SENSITIVE SKIN" and "Hypoallergic." (*Id.*) In

26 smaller font, it also states, "Compare to Dove Sensitive Skin Nourishing Body Wash[.]" (*Id.* ¶ 49; *see also*

27 Decl. of William P. Cole ("Cole Decl."), Ex. 1.) The back label bears an ingredient list. (*Id.* ¶ 50; *see also*

28

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT
ALBERTSONS COMPANIES, INC.'S MOTION TO DISMISS

Cole Decl., Ex. 1.).[1] The ingredient list discloses that the Product includes Methylchloroisothiazolinone, Methylisothiazolinone, and Cocamidopropyl Betaine. (*Id.*)

Flores alleges that "Defendant's claim that the Product is hypoallergenic and formulated for sensitive skin and comparable to Dove Sensitive Skin Nourishing Body Wash is false and misleading to reasonable consumers." (Compl. ¶ 3.) She alleges the Product is not hypoallergenic or formulated for sensitive skin "because it contains Methylchloroisothiazolinone ('MCI') and Methylisothiazolinone ('MI') (referred to together as 'MCI/MI') and Cocamidopropyl Betaine ('CAPB'), common allergens." (*Id.* ¶ 4.) She alleges that the "Compare to" statement is misleading because the Product contains MCI/MI while Dove Sensitive Skin Nourishing Body does not. (*Id.* ¶ 5.)

Flores alleges that she purchased the Product from a Safeway store somewhere in Stanislaus County. (*Id.* ¶¶ 12, 21.) She does not allege when she purchased it. She just vaguely states the transaction occurred at some unidentified time "during the class period." (*Id.* ¶ 21.) She does not define the "class period" by any beginning date, but rather just vaguely defines it as "the applicable statute of limitations[.]" (*Id.* ¶ 110.) Flores allege that, when making her purchase, she "understood the representation that the Product was 'Hypoallergenic' and for 'Sensitive Skin' to mean the Product is specifically formulated to minimize the risk of allergic reactions by excluding ingredients that are known to cause an allergic reaction in a significant number of people." (*Id.* ¶ 23.) She alleges that the Product's "inclusion of MCI/MI and CAPB, common allergens, directly contradicts" the "Hypoallergenic" and "Sensitive Skin" claims. (*Id.*)

The Complaint, however, does not include any factual content supporting Flores's subjective conclusion that reasonable consumers interpret "hypoallergenic" or "sensitive skin" to mean that the product does not contain *any* common allergens whatsoever, regardless of amount. If anything, the Complaint alleges the opposite. Flores alleges that the FDA "describes 'hypoallergenic' in the context of cosmetics to mean 'products that manufacturers claim produce *fewer* allergic reactions than other cosmetic products." (*Id.* ¶ 55, emphasis added.) She alleges that Dictionary.com defines hypoallergenic as "designed to reduce or minimize the possibility of an allergic response, as by containing *relatively few* or

---

[1] The Complaint incorporates by reference images of the Product's front and back labeling. *See* Compl. ¶ 2 n.1. When ruling on a motion to dismiss, a court may consider product labels incorporated by reference in the complaint. *See, e.g., Jones v. ConAgra Foods, Inc.*, 912 F. Supp. 2d 889, 903 n.7 (N.D. Cal. 2012); *Viggiano v. Hansen Natural Corp.*, 944 F. Supp. 2d 877, 882-883 (C.D. Cal. 2013).

1    no potentially irritating substances" (*id.* ¶ 56, emphasis added), and that Merriam-Webster defines

2    hypoallergenic as "having little likelihood of causing an allergic response." (*Id.* ¶ 57.) None of those

3    sources—cited by Flores herself—defines "hypoallergenic" as meaning allergen *free*. None of those

4    sources say that "hypoallergenic" means there will not be *any* known or common allergen in the product—

5    regardless of the amount, the overall formulation, or the directions for use.

6            Nevertheless, that is the Complaint's legal conclusion, despite Flores's own allegations to the

7    contrary. Also, she never alleges how much MCI, MI, or CAPB the Product contains, let alone compares

8    that amount to any known likelihood for allergic reactions with respect to body washes. She alleges that

9    "[i]n the United States, the maximum concentration of MCI/MI (as a 3:1 ration) allowed for use in rinse-

10   off products like a body wash is 15 ppm because at this amount it is generally considered not to induce

11   sensitization." (*Id.* ¶ 88.) But she never alleges what amount of MCI/MI is contained in the Product.

12            Based on these allegations, Flores asserts the following causes of action on behalf of herself and

13   either a California class or a multi-state class, as indicated: (1) violation of California's Consumers Legal

14   Remedies Act ("CLRA"), Cal. Civ. Code § 1750 et seq. (California class); (2) violation of California's

15   Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 et seq. (California class); and (3)

16   breach of express warranty (multi-state class). She attempts to assert the express warranty claim under the

17   laws of not only California, but 40 other states. (*Id.* ¶ 110 n.78.) But she never alleges that she engaged in

18   any transaction regarding the Product in any state other than California.

19   **III.    LEGAL STANDARDS**

20            The court must dismiss a claim if it fails to state a claim upon which relief can be granted. Fed. R.

21   Civ. P. 8. Rule 8 demands "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."

22   *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). The complaint must state sufficient factual

23   matter, accepted as true, to state a claim for relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*,

24   550 U.S. 544, 570 (2007). A claim has facial plausibility only if the plaintiff pleads factual content that

25   allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

26   *Iqbal*, 556 U.S. at 678.  The court does not accept as true "legal conclusions," "labels and conclusions" or

27   a "formulaic recitation of the elements of a cause of action[.]" *Iqbal*, 556 U.S. at 678. A "naked assertion"

28   devoid of "further factual enhancement" does not suffice. *Id.* (citation omitted).

Claims sounding in fraud must also meet Rule 9(b)'s particularity requirements. Fed. R. Civ. P. 9(b); *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1123 (9th Cir. 2009); *Watkins v. MGA Entertainment, Inc.*, 550 F. Supp. 3d 815, 833 (N.D. Cal. 2021). The plaintiff must identify with particularity the circumstances constituting the allegedly fraudulent conduct—i.e., the who, what, when, where and how of the misconduct charged. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003).

## IV.    ARGUMENTS

### A.    The UCL and CLRA Claims Fail Because Flores Does Not Adequately Allege Any False or Misleading Representations.

Claims for false advertising under the UCL and FAL are governed by the "reasonable consumer" standard. *Chapman v. Skype*, 220 Cal. App. 4th 217, 230 (2013); *Hill v. Roll Int'l Corp.*, 195 Cal. App. 4th 1295, 1304 (2011); *see also Freeman v. Time, Inc.*, 68 F.3d 285, 289 (9th Cir. 1995). The standard is not the least-sophisticated consumer, nor do courts test the impact on unwary consumers. *Hill*, 195 Cal. App. 4th at 1304. Instead, a plaintiff must plead and prove facts showing that a significant portion of reasonable consumers, acting reasonably under the circumstances, could be misled. *Lavie v. Procter & Gamble Co.*, 105 Cal. App. 4th 496, 508 (2003).

A plaintiff's allegation that an advertisement is likely to deceive a reasonable consumer "is a legal conclusion; not a factual allegation; as such, it is neither binding nor controlling." *Shaeffer v. Califia Farms, LLC*, 44 Cal. App. 5th 1125, 1140 (2020) (quotation and citation omitted); *see also Hill*, 195 Cal. App. 4th at 1303-1304 (plaintiff's subjective belief that advertisement was misleading does not satisfy the reasonable consumer standard at pleading stage); *Sinatro v. Mrs. Gooch's Natural Food Markets, Inc.*, No. 22-CV-03603, 2023 WL 2324291, at *12 (N.D. Cal. Feb. 16, 2023) ("The Court, however, does not need to accept as true Plaintiffs' legal conclusion that the packaging is deceptive to the reasonable consumer." (citing *Iqbal*, 556 U.S. at 678)). Instead, the complaint must include "plausible allegations regarding a reasonable consumer's understanding" of the advertisement. *Sinatro*, 2023 WL 2324291, at *12. "Absent factual enhancement underlying their legal conclusion that a reasonable consumer would likely be misled or deceived in the way alleged," plaintiffs do not "satisfy Rule 9(b)'s heightened pleading standards to proceed" on UCL or CLRA claims. *Prescott v. Saraya USA, Inc.*, no. 23-cv-00017, 2023 WL 6120610, at *3 (S.D. Cal. Sept. 18, 2023); *see also Kearns*, 567 F.3d at 1125 (UCL and CLRA claims

- 4 -

1  predicated on alleged deception are subject to Rule 9(b)).

2      Furthermore, California law does not permit a private plaintiff to bring claims for lack of

3  substantiation for an advertising claim; rather, a plaintiff must plead facts affirmatively demonstrating that

4  the advertising is false or misleading. *See National Council Against Health Fraud, Inc. v. King Bio*

5  *Pharm., Inc.*, 107 Cal. App. 4th 1336, 1345 (2003); *Kwan v. SanMedica Int'l, Inc.*, 854 F.3d 1088, 1095-

6  96 (9th Cir. 2017).

7      Under these standards, Flores fails to state any UCL or CLRA claims. She challenges three

8  statements on the Product's packaging: "hypoallergenic," "sensitive skin," and "Compare to Dove

9  Sensitive Skin Nourishing Body Wash." But as explained below, the Complaint does not contain any well-

10  pled facts (as opposed to Flores's legal conclusion) that reasonable consumers would be misled.

11      **1.    Flores does not adequately allege that "hypoallergic" and "sensitive skin" are**

12          **false or misleading to reasonable consumers.**

13      For two reasons, Flores fails to allege plausibly or with particularity that the "hypoallergenic" and

14  "sensitive skin" statements are false or misleading to reasonable consumers.

15      First, Flores alleges no factual enhancement to support her mere legal conclusion that reasonable

16  consumers would interpret the "hypoallergenic" and "sensitive skin" statements in the extreme way she

17  alleges. She alleges these statements mean the Product is "specifically formulated to minimize the risk of

18  allergic reactions by excluding ingredients that are known to cause an allergic reaction in a significant

19  number of people." (Compl. ¶ 48.) Thus, she jumps to the unsupported conclusion that "hypoallergenic"

20  means complete exclusion of known allergens. That legal conclusion is not supported by any factual

21  allegations in her Complaint. In fact, the Complaint contradicts that conclusion. Flores alleges that the

22  FDA "describes 'hypoallergenic' in the context of cosmetics to mean 'products that manufacturers claim

23  produce fewer allergic reactions than other cosmetic products.'" (*Id.* ¶ 55.) This definition makes no

24  reference to *excluding* all allergens known to cause an allergic reaction in a significant number of people,

25  regardless of the amount or formulation. And the Complaint does not contain any factual allegations that

26  the Product does not produce "fewer allergic reactions than other cosmetic products." (*Id.*) In fact, the

27  Complaint does not contain any allegations regarding how many allergic reactions the Product supposedly

28  causes, much less compare any such data to other cosmetic products.

Similarly, the Complaint alleges that Dictionary.com defines hypoallergenic as "designed to reduce or minimize the possibility of an allergic response, as by containing relatively few or no potentially irritating substances." (*Id.* ¶ 56.) That definition—included in the Complaint by Flores herself—contradicts Flores' conclusion that "hypoallergenic" means *exclusion* of any allergens known to cause an allergic reaction in a significant number of people. Dictonary.com refers to *reducing* the possibility of an allergic reaction by containing "relatively few" potentially irritating substances. (*Id.*) Again, that definition lends no support to Flores's subjective legal conclusion that reasonable consumers would interpret "hypoallergenic" to mean categorical exclusion of all known allergens (regardless of amount, overall formulation, or conditions of use). The Complaint alleges the Merriam-Webster definition of hypoallergenic as well: "having little likelihood of causing an allergic response." (*Id.* ¶ 57.) But the Complaint contains no factual allegations regarding the *amount* of MCI/MI and CAPB contained the Product or the Product's allergic reaction rate.

Thus, Flores has created an *ex nihilo* definition of "hypoallergenic" that is contradicted by the allegations of her own Complaint. Her self-serving definition "is a legal conclusion; not a factual allegation; as such, it is neither binding nor controlling." *Shaeffer*, 44 Cal. App. 5th at 1140 (quotation and citation omitted). She has failed to plead any factual content establishing plausibly (let alone with particularity) that reasonable consumers believe "hypoallergenic" and "sensitive skin" to mean the Product is allergen *free*. The Product label does not say "allergen free." The prefix "hypo-", of course, means below or less than normal (as opposed to "hyper-"), as in hypoglycemia, which means low blood sugar, not *no* blood sugar.

Second, Flores pleads no factual content plausibly suggesting that the Product contains MCI/MI or CAPB in any *amounts* that would be harmful. The Complaint alleges that up to 15 ppm of MCI/MI in rinse-off products is "generally considered not to induce sensitization." (Compl. ¶ 88.) She does not allege that the Product contains more than 15 ppm of MCI/MI. She alleges that one study found as little as 2 ppm could elicit a reaction in already-sensitized persons. (*Id.* ¶ 90.) But, again, she does not allege how much MCI/MI is contained in the Product. It is not enough to allege that a product contains a "harmful" substance without plausibly alleging the substance is present in a harmful *amount*. *Erickson v. Kimberly-Clark Corp.*, No. 24-cv-07032-AMO, 2025 WL 2105830, at *4 (N.D. Cal. July 28, 2025). In *Erickson*,

1    the court explained that "[t]o assert Defendant misled reasonable consumers into believing the product did

2    not contain harmful substances, Plaintiffs must allege—plausibly and with specificity—that the product

3    could cause harm." *Id.* The court dismissed the complaint because the plaintiffs did not allege that "the

4    levels [of PFAS] found in the wipes were harmful." *Id.* Similarly, here, Flores fails to plausibly allege that

5    reasonable consumers would consider "hypoallergenic" and "sensitive skin" misleading if the Product

6    contained allergens in amounts *unlikely* to cause allergic reactions or likely to cause only "relatively few"

7    reactions. *See* Compl. ¶¶ 56-57.

8        *Rugg v. Johnson & Johnson*, No. 17-CV-05010-BLF, 2018 WL 3023493 (N.D. Cal. June 18,

9    2018), is instructive. There, the plaintiff alleged that consumers believe a hypoallergenic product "does

10    not contain any skin sensitizers" or any "ingredients known to produce a negative reaction[.]" *Id.* at 2

11    (citations omitted). The court granted a motion to dismiss, finding it "completely implausible that a

12    reasonable consumer would understand the use of the term 'hypoallergenic' on a product's label to mean

13    that the product does not contain *any* ingredients, in any concentration, which would 'sensitize' the skin,

14    cause cancer, or have *any* other negative effect, regardless of whether such effect constitutes an allergic

15    reaction." *Id.* at *3. Similarly, here, Flores alleges no factual content supporting that reasonable consumers

16    interpret "hypoallergenic" as not including *any* known allergen at *any* concentration.

17        In sum, Flores fails to adequately allege that the terms "hypoallergenic" and "sensitive skin" on

18    the Product's label are false and misleading to a significant portion of reasonable consumers, acting

19    reasonably under the circumstances.

20            **2.    Flores does not adequately allege that "Compare to Dove Sensitive Skin**

21                **Nourishing Body Wash" is false or misleading to reasonable consumers.**

22        The Complaint makes the cursory allegation that the statement "Compare to Dove Sensitive

23    Nourishing Body Wash" is false or misleading. Flores's only theory of deception with respect to that

24    statement is that Dove Sensitive Skin Nourishing Body Wash "does not contain MCI/MI." (Compl. ¶ 5.)

25    But the Complaint does not contain any plausible allegations (much less particularized allegations) that

26    reasonable consumers interpret "compare to" to mean *identical*. "Compare to" is not an affirmation of fact

27    at all; it is an injunctive statement. It simply tells someone to compare one item against another. Any

28    reasonable consumer who accepted the invitation to compare the two items would see what ingredients

each contains. Flores's allegation that reasonable consumers would be misled by the "Compare to" statement simply because the Product contains MCI/MI is a "naked assertion" devoid of any "factual enhancement." *Iqbal*, 556 U.S. at 678. Notably, the Complaint does not allege consumers experience any more allergic reactions using the Product than they do using the Dove product.

Because Flores has failed to adequately allege that "hypoallergenic," "sensitive skin," or "Compare to Dove Sensitive Skin Nourishing Body Wash" is false or misleading to reasonable consumers, the CLRA and UCL claims fail as a matter of law. Also, while the Complaint asserts the UCL claim under the "fraudulent," "unfair," and "unlawful" prongs, Flores predicates all three prongs on the same theory of allegedly false advertising. *See* Compl. ¶¶ 138-139. Thus, the UCL claim fails under all three prongs. *See Erickson,* 2025 WL 2105830, at *5 (UCL "unfair" and "unlawful" claims must be dismissed where the plaintiff failed to allege a separate basis "beyond the allegations of misleading advertising" that the court found insufficient); *Klaehn v. Cali Bamboo, LLC*, No. 19cv1498-LAB, 2020 WL 3971518, at *8 (S.D. Cal. July 13, 2020).

**B.    Flores Fails to State Any UCL or CLRA Claim Based on an Omission Theory**

The Complaint makes vague references to purported material "omissions" and "omitting material facts." (Compl. ¶¶ 129, 138.) Flores never specifically identifies *what* fact was supposedly omitted. In certain circumstances, an omission can serve as the basis for a UCL or CLRA claim, but Flores fails to adequately allege an omission theory.

To plausibly allege a fraudulent omission, the omission must either (1) be contrary to a representation actually made by the defendant, or (2) an omission of a fact the defendant was obligated to disclose. *Ringler*, 783 F. Supp. 3d at 1241; *Anderson v. Apple Inc.*, 500 F. Supp. 3d 993, 1012 (N.D. Cal. Nov. 16, 2020). The phrase "contrary to a representation actually made by the defendant" is also known as a "partial representation" or "partial omission" claim. *Ringler v. J.M. Smucker Company*, 783 F. Supp. 3d 1229, 1241 (C.D. Cal. May 13, 2025); *Anderson*, 500 F. Supp. 3d at 1012. The other type of omission concerns a freestanding obligation to disclose, regardless of whether the defendant makes any misleading representation (a so-called "pure omissions" claim). *Ringler*, 783 F. Supp. 3d at 1241.

Flores fails to allege a partial omission theory. She alleges that the Product's front label states "Hypoallergenic", "Sensitive Skin", and "Compare to" Dove® Sensitive Skin Nourishing Body Wash®"

- 8 -

and that these advertising claims are false because the Product contains MCI/MI and CAPB. (Compl. ¶¶ 2-4.) However, "the entire theory of a case based on partial omissions is that what is disclosed is in some sense true but that the whole truth is missing." *Anderson*, 500 F. Supp. 3d at 1013; *accord Ringler*, 783 F. Supp. 3d at 1242. "Plaintiffs cannot allege a partial omission triggering a duty to disclose where they only claim that Defendant's marketing materials are outright false." *Id.* (quoting *Hamman v. Cava Grp., Inc.*, No. 22-cv-593-MMA (MSB), 2023 WL 3450654, at *9 (S.D. Cal. Feb 8, 2023)). Here, the Complaint does not allege that the alleged affirmative misrepresentations were partially true, thereby requiring some additional disclosure. Instead, as in *Ringler*, Flores "is arguing that the labels are outright false." *Ringler*, 783 F. Supp. 3d at 1242. Thus, the Complaint fails to allege any claims based on partial omissions. And, of course, Flores does not allege any "pure omission" theory—i.e., any "freestanding obligation" to disclose some fact *unconnected* to the Hypoallergenic", "Sensitive Skin", and "Compare to" Dove® Sensitive Skin Nourishing Body Wash®" affirmative representations. Nor could she. The Complaint admits that the ingredients MCI/MI and CAPB are disclosed on the Product's labeling; they are not omitted. (Compl. ¶ 50.)  The Court must dismiss the UCL and CLRA claims to the extent based on an omission theory.

**C.    Flores's Express Warranty Claim Fails for the Same Reasons as Her UCL and CLRA Claims, and Also for Failure to Allege Timely Pre-Suit Notice.**

Flores's third claim for relief is for breach of express warranty. The claim fails for two independent reasons.

First, Flores's express warranty claim is based on the same theory as her UCL and CLRA claims— i.e., that "[b]y falsely representing that the Product as [sic] 'hypoallergenic' and formulated for 'Sensitive Skin' and comparable to Dove Sensitive Skin Body Wash, Defendant breached express warranties." (Compl. ¶ 152.) Therefore, the express warranty claim fails for the same reasons set forth in Section IV.A, *supra*. *See, e.g., Weiss v. Trade Joe's Co.*, 838 F. App'x 302, 303 (9th Cir. 2021) (affirming dismissal of warranty claims premised on the "exact same representations as her consumer protection claim"); *McConnon v. Kroger Co.*, No. 2:24-cv-02601-SB-E, 2024 WL 3941340, at *4 (C.D. Cal. June 21, 2024) (same); *Lee v. Nature's Path Food, Inc.*, No. 23-cv-00751-H-MSB, 2023 WL 7434963, at *5 (S.D. Cal. Nov. 9, 2023) (same); *Klammer v. Mondelez International, Inc.*, No. 22-cv-02046-JSW, 2023 WL 105095,

- 9 -

1    at *7 (N.D. Cal. Jan. 4, 2023).

2           Second, under California Commercial Code § 2607, a "buyer must, within a reasonable time after

3    he or she discovers or should have discovered any breach, notify the seller of breach or be barred from

4    any remedy." The purpose of this rule is to "allow the seller the opportunity to repair the defective item,

5    reduce damages, avoid defective products in the future, and negotiate settlements." *Cardinal Health 301*

6    *v. Tyco Elec. Corp.*, 169 Cal. App. 4th 116, 135 (2008). A plaintiff must plead facts showing that "she

7    provided this notice within a reasonable time of discovering the breach, as is required by § 2607[.]"

8    *Minkler v. Apple, Inc.*, 65 F. Supp. 3d 810, 817-818 (N.D. Cal. Aug. 20, 2014); *accord Alvarez v. Chevron*

9    *Corp.*, 656 F.3d 925, 932 (9th Cir. 2011). Flores has not pled any facts showing that she gave Albertsons

10   notice of the alleged breach within a reasonable time after discovery of the breach. While she alleges that

11   she sent Albertsons a notice letter on or about February 6, 2025, she does not allege when she purchased

12   the Product or when she discovered the breach. She alleges only that she made the purchase "during the

13   class period." (Compl. ¶ 21.) The class period is defined only as "the applicable statute of limitations."

14   (*Id.* ¶ 110.) Thus, she does not allege any facts from which the Court could plausibly conclude that she

15   gave notice within a *reasonable* time after discovery of the breach. *See Minkler*, 65 F. Supp. 3d at 818

16   (dismissing express warranty claim where the plaintiff "fail[ed] to provide the date that she purchased her

17   iPhone or the date of the alleged breach" and, therefore, failed to plead that she provided pre-suit notice

18   within a reasonable time).

19           **D.    Flores Lacks Standing to Seek Injunctive Relief.**

20           To have standing to seek injunctive relief, the plaintiff must show she is likely to suffer future

21   injury from the defendant's conduct. *City of Los Angeles v. Lyons*, 461 U.S. 95, 105 (1983). The threatened

22   future injury "must be *certainly impending* to constitute injury in fact, and . . .  allegations of possible

23   future injury are not sufficient." *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013) (internal citations

24   omitted) (emphasis added). This certainly impending injury must be as to the named plaintiff personally,

25   not to some other consumer or putative class member. *Lierboe v. State Farm Mut. Auto. Ins. Co.*, 350 F.3d

26   1018, 1022 (9th Cir. 2003). Plaintiff bears the burden to establish standing for her injunctive relief claim.

27   *See DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 & n.3 (2006); *Ringler*, 783 F. Supp. 3d at 1246.

28           In *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956 (9th Cir. 2018), the court held that "[a]

- 10 -

previously deceived consumer may have standing to seek an injunction against false advertising or labeling" if she can *plausibly* allege the threat of future harm. 889 F.3d at 969-70. *Davidson* involved a plaintiff who purchased wipes advertised as "flushable." *Id.* at 961. The plaintiff alleged the "flushable" claim was false and misleading. The court held the plaintiff could allege standing for injunctive relief because when she encountered the product again, she would have no way of knowing whether the product had been improved—i.e., whether the wipes were truly flushable—without purchasing and using them. *Id.* at 972.

This case is not *Davidson*. Flores does not plausibly allege that she faces any "certainly impending" threat of future injury. *Clapper*, 568 U.S. at 409. Flores alleges that "[t]he Product is not formulated to be hypoallergenic or for sensitive skin because it contains Methylchloroisothiazolinone ('MCI') and Methylisothiazolinone ('MI') (referred together as 'MCI/MI') and Cocamidopropyl Betaine ('CAPB'), common allergens." (Compl. ¶ 4.) As Flores herself alleges, those ingredients are expressly disclosed on the Product's packaging. (*Id.* ¶ 50.) Unlike the plaintiff in *Davidson*, Flores does not need to purchase the Product and use it before knowing if it is "hypoallergenic" according to her own definition of that term. She can just look at the Product's ingredient list. The notion she faces a "certainly impending" threat of future harm would turn Article III jurisprudence on its head.

In similar circumstances, courts routinely dismiss injunctive relief claims for lack of standing. In *Ringler*, for example, the plaintiff alleged that the "natural" claim on Smucker's fruit spreads was false because the products contained citric acid. 783 F. Supp. 3d at 1235-1236. The court found the plaintiff had failed to allege standing to seek injunctive relief. *Id.* at 1247-1248. "[B]y simply looking at the ingredients label, Plaintiff can uncover whether the Product contains citric acid and avoid purchasing it." *Id.* at 1247-1248. This distinguished the case from *Davidson*, where the plaintiff "had no way of determining whether future representations would be true." *Id.* at 1247. The court collected cases dismissing injunctive relief claims for lack of standing where, under the plaintiff's own theory of the alleged deception, the plaintiff could readily check the veracity of a label claim simply by looking at the information on the label. *Id.*; *see also Caldwell v. Nordic Naturals, Inc.*, 709 F. Supp. 889, 911 (N.D. Cal. 2024) (distinguishing *Davidson*, finding that "the Plaintiff need not purchase the product to confirm the meaning and veracity of the label"); *see also Jackson v. General Mills, Inc.*, No. 18cv2634-LAB

(BGS), 2020 WL 5106652, at *5 (S.D. Cal. Aug. 28, 2020).

Flores does not face any threat of harm. She faces no uncertainty and can avoid future injury simply by seeing that the Product's ingredient list discloses the ingredients that she claims render the challenged advertising statements false. The Court must dismiss any claim for injunctive relief.

E.    **Flores Fails to State Any Claim for Equitable Restitution Because She Does Not Adequatley Allege that Her Legal Remedies are Inadequate.**

Before a party can avail herself of a federal court's equitable jurisdiction, she must plead facts plausibly establishing her legal remedies are inadequate. *O'Shea v. Littleton*, 414 U.S. 488, 502 (1974) (complaint failed because it did not plead "the basic requisites of the issuance of equitable relief" including "the inadequacy of legal remedies"); *Guaranty Trust Co. of New York v. York*, 326 U.S. 99, 105-06 (1945); *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 842-44 (9th Cir. 2020). In *Sonner*, the court held that "the traditional principles governing equitable remedies in federal courts, including the requisite inadequacy of legal remedies, apply when a party requests restitution under the UCL and CLRA in a diversity action." 971 F.3d at 843-44. The Ninth Circuit affirmed dismissal of claims for restitution under the UCL and CLRA, holding the plaintiff had failed to show how an award of damages under the CLRA would be inadequate in any way compared to restitution. *Id.* at 844; *see also Spencer v. Honda Motor Corp. Ltd.*, No. 21-cv-00988-JAM, 2022 WL 14863071, at *4 (E.D. Cal. Oct. 26, 2022) (dismissing equitable claims under *Sonner*); *Andino v. Apple, Inc.*, No. 20-cv-01628-JAM, 2021 WL 1549667, at *5 (E.D. Cal. April 20, 2021) (same).

Here, too, Flores fails to plausibly allege how her legal remedies are inadequate. First, she alleges they are "inadequate because they are not equally prompt, certain, or efficient as equitable relief," (Compl. ¶ 105), but this is a mere "formulaic recitation" which the Court cannot credit on a motion to dismiss. *Iqbal*, 556 U.S. at 678; *see also Sonner*, 971 F.3d at 844 n.8. Second, she alleges the "statutes of limitations for the causes of action pled herein vary," but that misses the point: "equitable relief must be withheld when an equivalent legal claim would have been available but for a time bar." *Guzman v. Polaris Indus. Inc.*, 49 F.4th 1308, 1312 (9th Cir. 2022); *Fan v. Home Depot U.S.A., Inc.*, No. 21-cv-01355, 2022 WL 16964099, at *4 (E.D. Cal. Nov. 16, 2022) (collecting cases). In any event, the question here is whether *Flores's* legal remedies are adequate, and she does not allege that any of her legal remedies are time

- 12 -

barred.

Third, Flores makes the conclusory assertion that her equitable claims under the UCL cover different conduct than her legal claims, an argument contradicted by her own allegations. She claims that the "scope of actional misconduct under the unfair prong of the UCL is broader than the other causes of action asserted herein." (Compl. ¶ 107). But the only purportedly "unfair" conduct alleged in the Complaint is the same allegedly false advertising that is the subject of her CLRA and express warranty claims for damages. *Compare* Compl. ¶ 139 (alleging "deceptive advertising" as the "unfair" conduct and that Flores "paid for a Product that is not as advertised by Defendant") *with* Compl. ¶ 154 (alleging, as breach of express warranty, that Flores "paid money for the Product that was not what Defendant represented"), Compl. ¶ 128-129 (alleging under the CLRA that the same allegedly false advertising was material to Flores's purchase decision). Flores's boilerplate allegation that her UCL claim covers different conduct that her legal claims is just another formulaic recitation, unsupported by any factual enhancement. *See Barrett v. Optimum Nutrition*, No. CV 21-4398-DMG, 2022 WL 3452791, at *1-2 (C.D. Cal. July 18, 2022); *Campell v. Huffmaster Management, Inc.*, No. 2:21-CV-00815-JAM-JDP, 2022 WL 705825, at * (E.D. Cal. Mar. 8, 2022) (dismissing equitable restitution claims where "Plaintiff alleges no facts to show that money damages would be inadequate to address her claims").

Fourth, Flores claims proposed class members may be entitled to restitution while not entitled to damages. Not only is that another formulaic recitation, it is inapposite. The question is whether *Flores* has adequately alleged that *her* legal remedies are inadequate. She has not. The Court should dismiss her claims for equitable restitution.

**F.    Flores Cannot Bring Express Warranty Claims Under Other States' Laws.**

Flores, a California resident who made her alleged purchase in California, brings her express warranty under California law. For the reasons already explained in Section IV.C, *supra*, she states no claim. But there is yet another defect: she purports to assert the breach of express warranty claim under the laws of 40 other states and the District of Columbia. She cannot do so.

"Standing is not dispensed in gross[,]" *Lewis v. Casey*, 518 U.S. 343, 358 n.6 (1996), but "is claim-specific and 'a plaintiff must demonstrate standing for each claim he seeks to press.'" *Harris v. CVS Pharmacy, Inc.*, No. EDCV1302329ABAGRX, 2015 WL 4694047, at *4 (C.D. Cal. Aug. 6, 2015)

- 13 -

(quoting *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 352 (2006)). "If a complaint includes multiple claims, at least one named class representative must have Article III standing to raise each claim." *Los Gatos Mercantile, Inc. v. E.I. DuPont De Nemours & Co.*, No. 13-CV-01180-BLF, 2014 WL 4774611, at *4 (N.D. Cal. Sept. 22, 2014) (quotation and citation omitted). "As the party advocating for the application of [other states' laws], Plaintiff must make at least [a] prima facie showing that the [other states' laws] apply to him such that he would have standing to bring that claim." *Harris*, 2015 WL 4694047, at *4.

"'Courts routinely dismiss claims' for lack of subject-matter jurisdiction 'where no plaintiff is alleged to reside in a state whose laws the class seeks to enforce' because the named plaintiff lacks standing to invoke the foreign statute." *Harris*, 2015 WL 4694047, at *4 (citation omitted) (collecting cases); *accord Debari v. Winix Global LLC*, No. 24-cv-06596, 2025 WL 56414, at *4 (N.D. Cal. Jan. 9, 2025) (collecting cases); *Effinger v. Ancient Organics LLC*, 657 F. Supp. 3d 1290, 1301 (N.D. Cal. 2023) (requiring plaintiffs "to add other named class representatives who do have individual standing to assert claims from the other states"); *Lozano v. Bowmar Nutrition LLC*, No. 2:21-cv-04296-MCS-KS, 2021 WL 4459660, at *2 (C.D. Cal. Aug. 19, 2021); *Carpenter v. PetSmart, Inc.*, 441 F. Supp. 3d 1028, 1038 (S.D. Cal. 2020). Although Flores resides in California and suffered her purported injury in California (Compl. ¶¶ 12, 21), she attempts to bring a claim for express warranty under dozens of other states' laws. (*Id.* ¶ 110 n.78.) There is no named plaintiff who resides in these other states or purports to have purchased the Product in these states. Flores "lacks standing to invoke the foreign statute." *Harris*, 2015 WL 4694047, at *4; *accord Lozano*, 2021 WL 4459660, at *3 (dismissing claim "to the extent Plaintiff asserts it under the laws of states other than California"). The Court should dismiss the express warranty claim to the extent brought under the laws of any states other than California.

**G.    Flores Has Failed to Plead Her Claims with Particularity.**

Flores's Complaint fail for another reason. As noted, because her claims sound in fraud, she must meet Rule 9(b)'s particularity requirements. *Kearns*, 567 F.3d at 1125; *Loh v. Future Motion, Inc.*, No. 5:21-cv-06088-EJD, 2022 WL 2668380, at *6 (N.D. Cal. July 11, 2022). Among other things, the Rule 9(b) standard requires that the plaintiff specify the *time* of the alleged fraud. *Kearns*, 567 F.3d at 1126 (a plaintiff must "specify when he was exposed to" the allege misrepresentation); *Swartz v. KPMG LLP*, 476 F.2d 756, 764 (9th Cir. 2007); *NuCal Foods, Inc. v. Quality Egg LLC*, 918 F. Supp. 2d 1023, 1036 (E.D.

Cal. 2013); *Genna v. Digital Link Corp.*, 25 F. Supp. 2d 1032, 1038 (N.D. Cal. 1997).

Flores does not meet Rule 9(b)'s standard. She does not allege the date—or even the approximate date—of her purchase. She alleges merely that she purchased the Product "during the class period." (Compl. ¶ 21.) The "class period" is not defined by any dates, but rather as just "the applicable statute of limitations." (*Id.* ¶ 110.) That is not sufficient under Rule 9(b). *See Beasley v. Lucky Stores, Inc.*, 400 F. Supp. 3d 942, 955 (N.D. Cal. 2019); *Edmunson v. Procter & Gamble Co.*, No. 10-CV-2256-IEG (NLS), 2011 WL 1897625, at *5 (S.D. Cal. May 17, 2011) (dismissing claims where, among other things, the Complaint "alleges only that Plaintiff saw Defendant's advertised claims at some point during the class period"); *Allen v. Similasan Corp.*, No. 12cv0376-BTM-WMC, 2013 WL 2120825, at *7-8 (S.D. Cal. May 14, 2013) (dismissing complaint for failure to meet Rule 9(b) requirements because "Plaintiffs have not alleged *when* they bought Defendant's products"); *but see Burton v. Gerber Products Co.*, 2014 WL. 172111, at *3 (N.D. Cal. Jan. 15, 2014). Because Flores has failed to plead her claims with the required particularity, the Complaint fails in its entirety.

## V.    CONCLUSION

The Court should grant the Motion to Dismiss in its entirety.


Dated:  November 6, 2025          AMIN WASSERMAN GURNANI, LLP


                                  /s/ *William P. Cole*
                                  William P. Cole
                                  Matthew R. Orr
                                  Manon Burns

                                  *Attorneys for Defendant Albertsons Companies, Inc.*

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT
ALBERTSONS COMPANIES, INC.'S MOTION TO DISMISS

1

## CERTIFICATE OF SERVICE
(United States District Court)

2

3          I hereby certify that on the 6th day of November, 2025, I caused the electronic filing of the

4     foregoing document, through the CM/ECF system. The aforementioned document will be sent

5     electronically to the registered participants as identified on the Notice of Electronic Filing and paper

6     copies will be sent to those indicated as non-registered participants.

7

8                                          /s/*William P. Cole*
                                          William P. Cole
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28